17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John MABERRY, Plaintiff-Appellant,
v.
Gary STOTTS, David R. McKune, Dr. (NFN) Baucom, C.M.O., and
Ky (NMI) Hoang, Defendants-Appellees,
and
Robert T. Stephan, Raymond (NMI) Roberts, Roger (NMI)
Werholtz, William Cummings, Richard Koerner, John
Callison, Rudy Stupar, Phyllis Warden,
R.N., and Gay Savino, R.N., Defendants.
 No. 93-3181.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff, a state prisoner, appeals the district court's order of May 29, 1993, dismissing his civil rights complaint for deliberate indifference to his serious medical needs, in violation of the Eighth and Fourteenth Amendments. Plaintiff alleged that he developed a hernia, for which the prison physician recommended a truss. The medical employee who fitted plaintiff for the truss advised that a truss was not the correct treatment and that surgery was needed. When this recommendation was brought to the attention of the prison physician, however, he told plaintiff that the Prison Health Services would refuse him surgery because it was against policy to allow surgery for conditions other than life threatening ones.
 
 
 4
 The district court dismissed some of the defendants named in plaintiff's complaint sua sponte, granted plaintiff's motion to proceed in forma pauperis, and ordered the complaint served on the remaining defendants. The district court also directed the appropriate prison officials to submit a Martinez[2] report concerning plaintiff's allegations.
 
 
 5
 The Martinez report, filed on April 20, 1993, reflected that three months after plaintiff filed his complaint, he received surgery for his hernia. On May 24, 1993, before plaintiff had responded to the Martinez report, the district court entered an order dismissing the complaint. Based on the facts set forth in the Martinez report, the court found that plaintiff's claim for injunctive relief was moot and his claim for damages was frivolous. The district court did not indicate whether it was dismissing plaintiff's complaint under 28 U.S.C.1915(d) or under Fed.R.Civ.P. 12(b)(6). Based on the court's statement that plaintiff's damages claim was frivolous, defendants-appellees argue that the dismissal must have been under 1915(d). We review the dismissal of a complaint under 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 On May 25, plaintiff sent a letter to the clerk of the court explaining that due to a lock down at the prison, he was unable to make the necessary copies of his response to the Martinez report for service on the defendants, and he requested an additional ten days in which to file his response. In its order of June 11, 1993, denying plaintiff leave to appeal in forma pauperis, the district court denied plaintiff's motion for an extension of time as moot. We granted plaintiff leave to appeal in forma pauperis, and reverse and remand for further proceedings.
 
 
 7
 A district court may dismiss an indigent's complaint under 1915(d) as frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When considering whether dismissal under 1915(d) is proper, a district court may use a Martinez report "to develop a record sufficient to ascertain whether there are any factual or legal bases for the petitioner's claims." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991); see also Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992). Before relying on the Martinez report, however, the court should give the plaintiff "an opportunity to controvert the facts set out in the Martinez report." Hall, 935 F.2d at 1109.
 
 
 8
 The district court here failed to give plaintiff an opportunity to respond to the Martinez report before using it to dismiss his claim. This failure constitutes reversible error. The allegations of plaintiff's complaint are not frivolous. While the allegations may not fully state a claim for relief--an issue which we need not decide--they certainly have an "arguable basis in law [and] in fact," Neitzke, 490 U.S. at 325.
 
 
 9
 On remand, the district court should give plaintiff an opportunity to respond to the Martinez report. Any facts set forth in the Martinez report that plaintiff does not controvert may be treated as part of plaintiff's complaint for purposes of determining whether the complaint is then subject to dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Hall, 935 F.2d at 1112-13. Before dismissing the complaint for failure to state a claim, however, the district court should give plaintiff an opportunity to amend his complaint if his "factual allegations are close to stating a claim but are missing some important element that may not have occurred to him." Id. at 1110. If the case subsequently proceeds to the summary judgment stage, the district court may treat the Martinez report only as an affidavit and may not accept its statement of facts if plaintiff has presented conflicting evidence. Id. at 1111; see also Northington, 973 F.2d at 1521.
 
 
 10
 The judgment of the United States District Court for the District of Kansas is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978)